UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISLEI FERNANDEZ BENITEZ,

        Petitioner,

v.                              Case No.  2:26-cv-1633-JES-KRH

MARKWAYNE MULLIN, et al.,

        Respondents.

_____/

## ORDER

Before the Court are Petitioner Islei Fernandez Benitez's pro se petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 4).  For the reasons below, the Court grants the petition to the extent set forth in this Order.

### I.  Background

Fernandez Benitez is a native and citizen of Cuba who has lived in the United States since March 14, 2022.  (Doc. 4 at 2). Fernandez Benitez was taken into immigration custody by Immigration and Customs Enforcement (ICE) officers on May 4, 2026. (Id.)  He is currently detained at Glades County Detention Facility.  (Doc. 1 at 6).  He seeks, among other things, an 8 U.S.C. § 1226(a) bond hearing before an immigration judge.  (Id. at 27).

In response to the petition, Respondents acknowledge that Fernandez Benitez is entitled to an individualized bond hearing

under 8 U.S.C. § 1226(a).  (Doc. 4 at 1 (citing <u>Hernandez Alvarez</u> <u>v. Warden</u>, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026))). Nevertheless, Respondents argue that—because <u>Hernandez Alvarez</u> is binding on immigration judges—the Court should dismiss this petition because Fernandez Benitez should have sought a bond hearing in immigration court before filing this petition.  (<u>Id.</u> at 4-5).   The Court is not convinced.   In habeas proceedings, exhaustion is not jurisdictional.   Rather, it exists as a judicially created doctrine applied at the Court's discretion. <u>See</u> <u>Santiago-Lugo v. Warden</u>, 785 F.3d 467, 475 (11th Cir. 2015).

## II.  Discussion

Under 8 U.S.C. § 1226(a) of the Immigration and Nationality Act (INA), the government is authorized "to detain certain aliens already in the country pending the outcome of removal proceedings[.]"  <u>Jennings v. Rodriguez</u>, 583 U.S. 281, 289 (2018). But 8 U.S.XC. § 1226A(a) provides additional safeguards, including the right to an individualized bond hearing.  <u>Id.</u> at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")(citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Eleventh Circuit recently addressed the issue of whether "unadmitted aliens found in the interior of the United States are eligible for bond as they go through immigration proceedings." <u>Hernandez Alvarez</u>, 2026 WL 1243395, at *1.  The Court determined

2

that "no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." Id.  And Respondents recognize that, under this holding, Fernandez Benitez is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a).

The Court will thus order Respondents to either release Fernandez Benitez or bring him before an immigration judge within seven days for a merit-based § 1226 bond hearing where the government must show that he is a flight risk or danger to the community.[1]  To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by the petitioner and the factors announced in In re Guerra, 24 I. & N. Dec. 37 (BIA 2006).  Fernandez Benitez's counsel (if any) must receive at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.  If Respondents are unable to ensure that Fernandez Benitez timely receives the meaningful and thorough bond hearing to which he is entitled under § 1226(a), they must release him.

Accordingly, it is **ORDERED:**

---

[1] Respondents request "a reasonable period of seven days to arrange an individualized bond hearing."  (Doc. 4 at 6).

3

1.    Islei Fernandez Benitez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2.    Within **SEVEN (7) DAYS,** Respondents shall either provide Fernandez Benitez with the statutory process required under § 1226—which includes a merit-based bond hearing—or release him under reasonable conditions of supervision.

3.    If Respondents release Fernandez Benitez, they shall facilitate his transportation from the detention facility by notifying his counsel or family of when and where he may be collected.

4.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 1, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4